17459. STEPHENS *v.* BUGG, receiver.

The action being for damages on account of the alleged negligent construction and maintenance of a bridge of the defendant, from which, it was alleged, the plaintiff's automobile-truck fell when, in an attempt to pass another automobile, it struck the guard-rail of the bridge and the rail gave way, the petition alleging that the bridge was too narrow and that the guard-rail was built of partly rotten and flimsy lumber, and the evidence failing to support these allegations as to the condition of the bridge and the guard-rail, and showing that the proximate cause of the damage was the driving of the other automobile to the middle of the bridge in order to pass a wagon, thus forcing the plaintiff's truck to run against the guard-rail, the court did not err in granting a non-suit.

The court did not err in excluding testimony to the effect that the guard-rail would have had more resistive power and would have held the truck on the bridge if the rail had been constructed in a different manner specified.

DECIDED OCTOBER 5, 1926.

Action for damages; from city court of Greenville—Judge Revill. April 29, 1926.

*N. F. Culpepper, R. A. McGraw,* for plaintiff.

*Brandon & Hynds, Lovejoy & Mayer, W. R. Jones,* for defendant.

LUKE, J. James Stephens sued B. L. Bugg, receiver of the Atlanta, Birmingham & Atlantic Railway Company, alleging in substance that the petitioner's automobile truck, while attempting to pass another automobile on a bridge built and maintained by that company, hit against the guard-rail of the bridge, and the rail gave way and the truck was precipitated a distance of 25 or 30 feet, resulting in injury to his son and demolishing the truck; that "the width of said bridge and making same more narrow was an act of negligence on the part of the defendant;" that "said defendant negligently erected and maintained on the side of said bridge guard-railings and supports built of worm-eaten, partly

Railroads, 33 Cyc. p. 1043, n. 29 New.

rotten, flimsy lumber;" and that "the injuries to him. and to his said truck and to his said son was caused by the negligence of the said defendant in building and maintaining and permitting the said bridge and guards to remain in the condition herein alleged."

On the trial there was ample evidence ·to show that . two cars could pass each other on the said bridge without striking each other and without striking the guard-rails of the bridge, and there was no evidence that this could not be done. This being true, so far as the construction of the bridge was concerned, there was no necessity of striking the guard-rails of the bridge ·in passing the automobile. There was no evidence to show that the guard-rails or any portion of the bridge were built of "worm-eaten, partly rotten, flimsy lumber," but, on the contrary, the evidence showed that "the timbers at that time were new timbers. The bridge had not been very long overhauled." The evidence further showed, that the plaintiff's truck was on the bridge; that coming toward and facing this truck were a wagon and an automobile, the automobile being behind the wagon; that the automobile, in trying to pass the wagon, ran to the middle of the bridge, and that the driver of the plaintiff's truck, in an effort to avoid being hit by the approaching automobile, turned quickly to the . right and ran against the guard-rail of the bridge which gave way. Unquestionably, according to the evidence, the proximate cause of the injury was the automobile trying to pass the wagon on the bridge, and, in so doing, coming to the middle of the bridge and forcing the driver of the plaintiff's truck to run against the guard-rail of the bridge. In fact the plaintiff's son, who was in the plaintiff's truck at the time, testified: "If that car had not been passing around the wagon, I guess we would have had plenty of room to have gone ahead and passed over the bridge." The plaintiff not only failed to prove the material allegations of his petition as to the bridge being too narrow and the guard-rails being of "worm-eaten, partly rotten lumber," but also failed to prove that the construction of the bridge was in any respect the proximate cause of the injury.

The court did not err in ruling out certain evidence the rejection of which is complained of, and properly granted a nonsuit.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*